UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>           Plaintiff,<br><br>     v.<br><br>S. GANNON, ET AL.,<br><br>           Defendants. | Case No.   1:23-cv-01486-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO REQUIRE THAT PLAINTIFF PAY THE $405.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>AND<br><br>ORDER TO APPOINT DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Lamont Shepard is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). On October 18, 2023, Plaintiff filed an application to proceed *in forma pauperis* in this action. (ECF No. 2).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action. Moreover, Plaintiff appears to have sufficient funds in his trust account to pay the filing fee.

1

I.     **THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(G)**

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

II.    **ANALYSIS**

    A.  **Strikes**

Plaintiff filed this action on October 18, 2023. (ECF No. 1). The Court takes judicial notice of the following three district court cases, each of which counts as a "strike":

(1) *Shepard v. Connolly*, No. 2:11-cv-01262 (C.D. Cal. Feb. 17, 2011) (order finding plaintiff's claim as frivolous, malicious, and failing to state a claim);

(2) *Shepard v. Johnson*, No. 1:11-cv-01726 (E.D. Cal. Aug. 7, 2012) (order dismissing case with prejudice for failure to state a claim upon which relief may be granted); and

(3) *Shepard v. Munoz*, No. 1:12-cv-01470 (E.D. Cal. Oct. 8, 2013) (order dismissing case with prejudice for failure to state a claim upon which relief may be granted).

The Court also takes judicial notice of *Shepard v. Borum, et al*, No. 1:17-cv-00603-EPG (E.D. Cal. June 12, 2017), in which this Court held that Plaintiff is subject to 28 U.S.C. § 1915(g) and denied Plaintiff's application to proceed in forma pauperis. (ECF No. 6); and *Shepard v. Podskoff*, 12-cv-00495 (E.D. Cal. June 22, 2015), in which the Court granted Defendant's motion to revoke Shepard's IFP status (ECF Nos. 18, 25, 27).

The Court's review of the above records reveals that on at least three occasions, lawsuits filed by Plaintiff have been dismissed on the ground that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Therefore, as in this Court's decisions in *Borum*, No. 1:17-cv-00603-EPG, and *Podsakoff*, 12-cv-00495, the Court again finds that Plaintiff is precluded from proceeding in forma pauperis in this action unless he demonstrates he meets the "imminent danger" exception.

### B.  Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

### 1.  Legal Standards

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "[t]o qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

### 2. Plaintiff's Complaint

Plaintiff's complaint sues Correctional Officers (C/O), Warden, and medical staff at California Correctional Institution, Tehachapi, and Kern Valley State Prison. (ECF No. 1 at 1–2). Plaintiff alleges three claims—"hate crime/retaliation," retaliation, and "retaliation/blood draw/sleep deprive"—arising from November 17, 2020 incident. (*Id.* at 3–5). Plaintiff alleges excessive use of force by C/O Gannon forced Plaintiff to defend himself, which resulted in retaliation and further excessive use of force from other staff, injuring Plaintiff. (*Id.*) Plaintiff also claims that in January of 2020 he was taken to the doctor who "claimed he needed my blood for high blood pressure, it was for said case to incrimentate [sic]" Plaintiff. (*Id.* at 5). Plaintiff states that on October 4, 2023, he was found "not guilty of all charges in this case," and therefore he now names District Attorney as a defendant for wrongful prosecution and "place[s]" Officer T. Burns "for retaliation on July 16, 2023 threaten Plaintiff with bodily harm, for the incident on Jan. 6, 2021." (*Id.*) Plaintiff does not elaborate further on the threat by T. Burns; neither the DA nor T. Burns appear on the list of defendants listed in this case. Plaintiff seeks damages in the amount of one million dollars but not injunctive relief.

Such allegations are insufficient to show that Plaintiff is in imminent danger of serious physical injury under the standards described above. Nothing in the complaint suggests that there is a real and imminent threat to Plaintiff's personal safety: Plaintiff's claims appear to stem from the incident that took place over three years prior to filing of his complaint. While the underlying incident in 2020 may have involved physical injuries, none of the allegations show ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

### III. PLAINTIFF IS ABLE TO PAY THE FILING FEE

Finally, the Court notes that according to Plaintiff's IFP application and trust fund statement, he has approximately $3,500 in his prison trust fund account. (ECF Nos. 2, 5). Thus, it appears that Plaintiff can afford to pay the filing fee for this action and is ineligible to proceed in forma pauperis. 28 U.S.C. § 1915(a) (authorizing IFP proceedings only when a statement of assets shows that "the person is unable to pay such fees").

### IV. CONCLUSION AND RECOMMENDATIONS

The Court concludes that, under both § 1915(a) and § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, IT IS ORDERED that the Clerk of Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 2).
2. Pursuant to 28 U.S.C. § 1915(a)&(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 11, 2023**         /s/ Erica P. Grosjean
                            UNITED STATES MAGISTRATE JUDGE