|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LAMONT SHEPARD, | Case No. 1:23-cv-01486-NODJ-EPG (PC) |
|---|---|
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |
| v. |   |
| S. GANNON, ET AL., | (ECF No. 16) |
| Defendants. |   |

Plaintiff Lamont Shepard is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff commenced this suit by filing a complaint on October 18, 2023. (ECF No. 1). Then on January 29, 2024, Plaintiff filed First Amended Complaint (ECF No. 14), thereby exhausting his right to amend complaint once without obtaining leave of court under Rule 15(a)(1). On February 12, 2024, Plaintiff filed a motion to amend his complaint again, seeking to add new defendants and new claims. (ECF No. 15).

However, Plaintiff did not submit a proposed amended complaint with his motion as required by the Court's Local Rules. *See* Local Rule 137(c) ("If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave. . . . If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules . . . ."). Thus, Plaintiff's motion is denied without prejudice.

1

Additionally, and without deciding the issue, Plaintiff's proposed claims and defendants may not be permitted under settled law. Plaintiff seeks to add claims against prosecutors, California Department of Corrections and Rehabilitation (CDCR), California Correctional Institution (CCI), and several municipalities. (ECF No. 15 at 1). Prosecutors are generally immune from such lawsuits under well-settled law. *Lacey v. Maricopa County*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). CCI is a state prison under the control of CDCR, a state agency of the state of California and thus subject to sovereign immunity. State agencies and prisons are also not "persons" within the meaning of § 1983, and therefore cannot be subject to suits for violation of Plaintiff's constitutional rights. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). And while a municipality can be sued under § 1983, it generally cannot be held liable unless a municipal policy or custom caused the constitutional injury. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 166 (1993).

If the Plaintiff chooses to file the motion along with the proposed amended complaint, the new complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. The new pleading must be complete in itself without reference to the prior or superseded pleading and each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS ORDERED that Plaintiff's motion for leave to file an amended complaint (ECF No. 16) is denied without prejudice.

IT IS SO ORDERED.

Dated: **February 26, 2024**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

2