1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  LAMONT SHEPARD, | Case No. 1:23-cv-01486-KES-EPG (PC) |
| 11        Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| 12     v. | |
| 13  S. GANNON, *et al.*, | |
| 14        Defendants. | (ECF No. 32) |

Plaintiff Lamont Shepard is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 25, 2024, Plaintiff filed a motion for appointment of counsel. (ECF No. 32 at 3).[1] Plaintiff states that he is incarcerated and indigent, and unable to afford counsel. (*Id.* at 3). He asks that "counsel be appointed in this matter" to protect his interests. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), even if he is indigent, and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional

---

[1] In the same filing, Plaintiff also opposed granting Defendants' Motion for Extension of Time (ECF No. 30). However, the Court had already granted the motion by the time it received Plaintiff's filing. (ECF No. 31). Plaintiff's arguments opposing the extension of time did not warrant reconsidering the Court's decision and accordingly, will not be addressed here.

1   circumstances the Court may request the voluntary assistance of counsel pursuant to section

2   1915(e)(1). *Rand*, 113 F.3d at 1525.

3        Without a reasonable method of securing and compensating counsel, the Court will seek

4   volunteer counsel only in the most serious and exceptional cases. In determining whether

5   "exceptional circumstances exist, a district court must evaluate both the likelihood of success of

6   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

7   complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

8        The Court declines to appoint counsel at this time. After reviewing the record, the Court

9   is unable to determine whether Plaintiff is likely to succeed on the merits of his claims.

10  Additionally, Plaintiff appears more than capable of adequately articulating his claims and

11  arguing legal issues without the assistance of counsel.

12       Plaintiff is advised that he is not precluded from renewing his request for appointment

13  of counsel at a later stage of the proceedings.

14       For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for appointment of

15  counsel (ECF No. 32) is **DENIED** without prejudice.

16

17  IT IS SO ORDERED.

18    Dated:   **October 8, 2024**                    /s/ *Erica P. Grosjean*

19                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

2