UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>          Plaintiff,<br><br>     v.<br><br>GANNON, et al.,<br><br>          Defendants. | Case No. 1:23-cv-01486-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR AN ORDER COMPELLING SETTLEMENT BE DENIED<br><br>(ECF Nos. 56 and 60)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Before the Court is Plaintiff Lamont Shepard's ("Plaintiff") Motion for an Order Compelling Settlement Payment. (ECF No. 56).

On December 29, 2025, Plaintiff filed a motion to compel settlement payment. (ECF No. 56). Plaintiff argues that at the time of filing his motions, Defendants were 180 days late in providing settlement payment that was agreed upon between the parties. In response Defendants represent payment was made to Plaintiff and deposited into his inmate trust account on October 23, 2025. (ECF No. 60 at 2). Plaintiff has not filed a reply in support of his motion.

Upon review, the Court recommends that Plaintiff's Motion for an Order Compelling Settlement Payment be denied.

## I.     PROCEDURAL HISTORY

Plaintiff filed his initial complaint on October 18, 2023. (ECF No. 1). Plaintiff filed a First Amended Complaint on January 29, 2024. (ECF No. 13).  Defendants filed an answer on October 18, 2024. (ECF No. 34).

1

On March 11, 2025, the parties participated in a settlement conference before Magistrate Judge Sheila Oberto. The parties reached an agreement at the settlement conference, and the settlement terms were placed on the record, and a notice of settlement was filed on March 11, 2025. (ECF Nos. 21 and 22). On April 8, 2025, the parties filed parties filed two separate stipulations for voluntary dismissal with prejudice: one for Defendant Reyna and one for Defendants C. Martinez, C. Williams, J. Diaz, J. Rivas, S. Gannon, and S. Levinson. (ECF Nos. 53 and 54). The case was closed on April 20, 2025. (ECF No. 55)

II.    **PLAINTIFF'S MOTION TO COMPEL SETTLEMENT PAYMENT**

    A.  **Plaintiff's Motion**

On December 29, 2025, Plaintiff filed a motion to compel settlement payment. (ECF No. 56).

In his motion, Plaintiff argues that Defendants have yet to fulfil the settlement agreement and at the time of filing his motion, it had been over 180 days for the settlement to be paid. (*Id.* at 1). Plaintiff claims Defendants have refused to do so, and as a result have violated the settlement. He requests $1,000 additional and $100 additional per day for every day missed. (*Id.*). Plaintiff claims this would bring the total settlement payment to $20,000. (*Id.*).

Elsewhere in the motion, Plaintiff states that Defendants did make the settlement payment, but "I learned in Dec. 2025 said monies was removed and returned to defendants violating the terms of our settlement. therefore [sic], plaintiff request said moneys return and double for said violation." (*Id.* at 2).

    B.  **Defendants' Opposition**

Defendants filed an opposition on January 26, 2026. (ECF No. 60). Defendants state the settlement amount was for $15,000 and that the payment was made to Plaintiff by deposit into his inmate trust account on October 23, 2025. (*Id.* at 1-2). Following the settlement payment deposit, Plaintiff's inmate trust account was $15,135.74, (*Id.*). Defendants then provide the following account of deductions and receipts into Plaintiff's inmate trust account:

On October 23, 2025, $8.31 was deducted from Shepard's inmate trust account for copying charges and mail. This reduced the balance in his account to $15,127.43. On November 1, 2025, the cost of filing fees in Shepard's various lawsuits was deducted from his inmate trust account. The withdrawals were as follows:

a. $350 in Shepard v. Cohen (E.D. Cal., case number 1:11-cv-00535-GSA);
b. $454.50 in *Shepard v. Tilton* (E.D. Cal., case number 1:10-cv-0023-BAM);
c. $259.94 in *Shepard v. Wise* (E.D. Cal., case number 1:09-cv-00809-BAM);
d. $389.39 in *Shepard v. Bass* (E.D. Cal., case number 1:10-cv-00754-LJO-BAM);
e. $242.54 in *Shepard v. Munoz* (E.D. Cal., case number 1:12-cv-01470-GSA);
f. $220.54 in *Shepard v. Johnson* (E.D. Cal., case number 1:11-cv-01726-SKO); and
g. $206.53 in *Shepard v. Cohen* (E.D. Cal., case number 1:09-cv-01628-GSA (PC)

Following the deductions for Shepard's filing fees in those cases, the balance in his inmate trust account was $13,003.99.

On November 6, 2025, Shepard received inmate pay to his trust account in the amount of $8.32. This brought the balance in his inmate trust account to $13,012.31. On November 18, 2025, the cost of a purchase by Shepard in the amount of $224.80 was deducted from his inmate trust account. This reduced the balance in his inmate trust account to $12,787.51.

On December 1, 2025, Shepard's inmate trust account balance was reduced by $3.00 for the filing fee in *Shepard v. Perez* (N.D. Cal., case number 5:25-cv-09484-VKD). This reduced the balance in his inmate trust account to $12,784.51.

On December 4, 2025, Shepard received inmate pay to his trust account in the amount of $12.16. This brought the balance in his inmate trust account to $12,796.67. On December 16, 2025, the cost of a purchase by Shepard in the amount of $192.20 deducted from his inmate trust account. This reduced the balance in his inmate trust account to $12,604.47.

On December 18, 2025, Shepard made a request for services through Global Tel Link. This service cost $5. This reduced the balance in his inmate trust account to $12,599.47.

On January 7, 2026, Shepard received inmate pay to his trust account in the amount of $14.72. This brought the balance in his inmate trust account to $12,614.19.

On January 13, 2026, Shepard received a payment of $40.00 to his inmate trust account. This brought the balance in his account to $12,654.19.

(*Id.* at 2-3) (citations omitted).

Defendants state at the time of filing the opposition, the balance in Plaintiff's inmate trust account was $12, 654.19. (*Id.* at 3).

3

Defendants include the declaration of Deputy Attorney General Matthew Wilson attesting to these facts.  Defendants also submit a copy of the Settlement Agreement and Release for the case, and the declaration of S. Saunders, an accounting administrator with CDCR who is the custodian of records for inmate trust accounts for inmates in custody of CDCR. (*Id.* at 5-16).[1]

### III.    ANALYSIS

Plaintiff has failed to demonstrate that Defendants have breached the agreement, and therefore, Plaintiff provides no grounds to obtain an order compelling Defendants to provide a settlement payment or any other settlement amount in addition to what has been paid. The settlement agreement provided that "CDCR will make a good-faith effort to pay the settlement amount . . . within 180 days" of when Plaintiff provides the necessary paperwork. (ECF No. 60, Exhibit A at 2).  Defendants have submitted evidence that they fully complied with the terms of the settlement agreement.

That evidence shows that Defendants timely paid the settlement payment to Plaintiff's inmate trust account.  Specifically, following Defendants' settlement payment, Plaintiff's trust account had a balance of $15,135.74. After that time, Plaintiff's deductions from his inmate trust accounts were for filing fees for his various lawsuits and not the result of a settlement payment being returned to Defendants. (ECF No. 60 at 2). After his deductions for his filing fees, Plaintiff's account was at $13, 003.99. (*Id.*)

### IV.    CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED that:

1.  Plaintiff's Motion for an Order Compelling Settlement Payment (ECF No. 56) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written

---

[1] Plaintiff did not file a reply in support of his motion.

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 25, 2026**__　　　　　__/s/ Erica P. Grosjean__
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE